2 PW 465
19 SC 480

## KECK *against* APPLEBACK.

*In an action brought to recover the amount of a judgment rendered by a justice of the peace in another county, a certified transcript of such judgment is prima facie evidence, upon which the plaintiff may recover.*

ERROR to *Huntingdon* county.

This was a suit originally brought before a justice of the peace of *Huntingdon* county, to recover the amount of a judgment which the plaintiff, *Henry Keck*, had obtained against the defendant, *John Appleback*, before a justice of the peace of *Lehigh* county.

Upon the trial of the cause in the court below, the issues being on the pleas of *nul tiel record* and *payment*, the plaintiff offered in evidence the transcript of a judgment entered in his favor, against the present defendant, by a justice of *Lehigh* county, and which was regularly *certified* by the said justice to be a true transcript of his docket.

This evidence was objected to by the defendant, because the docket itself was better evidence, but at all events a sworn copy must be produced.

The court below sustained the objection, and sealed a bill of exceptions, which was here assigned for error.

*Bell* for plaintiff in error.

The argument derived *ab inconvenienti* should have weight in the decision of this question; for to require in every case that the docket and the justice himself should be produced, would be requiring more than the claims which are usually prosecuted before a justice are worth; therefore it was that that section of the act of 1810, made a *certified* transcript good evidence.

The certificate of a justice, of the acknowledgment of a deed, is *prima facie* evidence, because it is made so by the act of assembly, and in terms not stronger than those employed in this act.

*Miles* for defendant in error.

The act of assembly referred to, does not prescribe any rules on evidence, but directs that the justice shall proceed as in cases originally brought before him. Cited *Wolverton* v. *Commonwealth,* 7 *Serg. & Rawle,* 273. *O'Donnel* v. *Seybert,* 13 *Serg. & Rawle* 54. *Welsh* v. *Crawford,* 14 *Serg. & Rawle,* 440.

PER CURIAM.—In *Welsh* v. *Crawford* the judgment was offered collaterally. Here it was offered as the foundation of the proceeding, and its competency did not depend on any abstract rule of

evidence, but on the provisions of the act of assembly, which gives the remedy, and which directs that a *certified* transcript of a judgment against one residing in another county, may be delivered to the plaintiff for recovery of the amount, before a justice of the peace, in the county where the defendant resides, "as in cases originally brought before him." It is clear, then, that the object was not to originate another action for the same cause, in which the existing judgment might be evidence of indebtedness; but to have execution of the existing judgment itself, as in cases originally brought before the justice, who might therefore issue execution on it, without the precaution of a *scire facias*, although that be a very proper measure. The legislature, then, having pointed out the mode of authentication, by directing the transcript to be *certified*, it would be going far to say that it is not sufficient in the first instance. Unquestionably it lies on him who disputes the fact thus certified, to disprove it; and the court below ought to have admitted the certified transcript as sufficient *prima facie.*

Judgment reversed, and *venire de novo* awarded.